815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carter DELAROSA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1433.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this Social Security case, plaintiff Carter Delarosa appeals from the Secretary's denial of his application for disability and widower benefits. The main issues before this Court are whether substantial evidence supports the Secretary's determination that (1) plaintiff had no impairment or impairments which met or equalled the terms of the Listing of Impairments and was therefore ineligible for widower's insurance benefits and (2) plaintiff could perform his past relevant work as an office manager and was not disabled.
 
 
 2
 Delarosa filed a claim for benefits on May 18, 1982. After his claim was denied initially and upon reconsideration, Delarosa appeared before Administrative Law Judge Jerome Blum who concluded that Delarosa was ineligible for disability and widower benefits. The Appeals Council approved this decision and denied review on November 27, 1984. The District Court accepted the United States Magistrate's recommendation that the finding of the Secretary denying benefits be affirmed and that summary judgment be granted in favor of the Secretary.
 
 
 3
 Delarosa claims he became disabled in April 1982. The alleged disability was due to diabetes mellitus and hypertension. Delarosa was initially diagnosed as diabetic in 1964. Delarosa had been hospitalized in April 1975 and again in January 1980 for diabetes-related disorders. Delarosa had been employed by Michigan Bell Telephone Company for 26 years, the last ten of which he served as a manager. When he retired in 1982, he stated that he could not see well, could not undertake the travelling required by his work, could not function well in the office due to the need to elevate his feet, and suffered from drowsiness, among other things. Delarosa later testified that he suffered from carpal tunnel syndrome, tarsal tunnel syndrome, vision difficulties, and high blood pressure. He also testified that the carpal tunnel syndrome caused him to experience "pins and needles" sensations in both hands almost every day; he could not pick up anything heavy; his hands cramped if he held a pen for any period of time; he wore braces on his wrists at night; although he had surgery on his eyes, he could not drive due to the glare; and his high blood pressure caused him to feel dizzy.
 
 
 4
 We have reviewed the medical records, testimony and decisions below. Although we note conflicting testimony in the record, for the reasons cogently outlined by Magistrate Goldman, we conclude that there is substantial evidence for the findings of the Secretary.
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.